UNITED STATES FIRE INSURANCE COMPANY et al., Respondents, v GREAT AMERICAN INSURANCE GROUP, Appellant, et al., Defendant. [818 NYS2d 205]—

Order, Supreme Court, New York County (Marilyn Shafer, J.), entered July 22, 2005, which, insofar as appealed from as limited by the briefs, denied defendant-appellant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, with costs, the motion granted, and it is declared that the underlying bodily injury claim for which Conesco Industries, Inc., is seeking coverage as an additional insured is not covered by the terms of defendant-appellant's policy issued to Conesco.

Contrary to the motion court's finding, there is no doubt that the language in paragraph 6 of the Mayrich-Conesco lease agreement, in which Mayrich agreed to indemnify and hold harmless

Conesco against "any and all claims and liability for death or injury to persons, or damage to property, arising from or connected with the use of the leased items by [Mayrich], its agents or employees," is separate and apart from and is not meant to be read together with the next sentence providing that Mayrich "shall carry insurance to the full insurable value of the equipment leased against loss by fire, theft or other insurable hazards for the benefit of [Conesco], its successors and assigns." To accept plaintiff's contention that the inclusion of both sentences in the same paragraph necessarily makes them structurally interdependent would lead to the legally incorrect conclusion that the mere location of a particular clause determines its meaning without regard to the explicit terms employed in the contract, which must be accorded their obvious meaning in order to achieve the purposes of the parties. Reading the sentence addressing insurance against the endorsement in defendant-appellant's policy allows no basis to create coverage for personal injuries rather than damage to the leased equipment. Concur—Andrias, J.P., Saxe, Friedman, Catterson and Malone, JJ.